FILED

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50153 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00746-JFW-2 |
| v. | |
| TERRAL TOOLE, AKA Alex Noralez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 12, 2011[**]
Pasadena, California

Before: FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Terral Toole appeals his sentence following a guilty plea to several counts of wire fraud and money laundering, 18 U.S.C. §§ 1343, 1957, 2. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In calculating the Sentencing Guidelines range, a victim's "loss" under U.S.S.G. § 2B1.1(b)(1) is reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral" when, as here, there is collateral pledged by the defendant. U.S.S.G. § 2B1.1 cmt. n. 3(E)(ii). Construing similar language, we have held that the loss should be offset by the "actual sale proceeds" the lender "has recovered." *United States v. Davoudi*, 172 F.3d 1130, 1135 (9th Cir. 1999).

The district court appropriately determined the amount of loss based on the actual sale prices of the collateral properties to third parties as opposed to the prices listed on the trustee's deeds. There was evidence in the record that the lenders did not recover any proceeds in conjunction with the trustee's deeds, and that they only recovered "actual sale proceeds" upon the sale of the properties to third parties. *See Davoudi*, 172 F.3d at 1135.

The Supreme Court's decision in *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994) in no way counsels otherwise. In that case, the Court interpreted the phrase "reasonably equivalent value" in 11 U.S.C. § 548(a)(1)(B)(i) (formerly § 548(a)(2)) to mean "the price in fact received at the foreclosure sale," assuming state law is complied with. *Id.* at 545. The case has no application to the calculation of loss under the Sentencing Guidelines in this case.

AFFIRMED.